**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS ANDERSON,**

               **Plaintiff,**　　　　　　　　　　No. 06-cv-0625
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(GLS-DRH)
             **v.**

**S. BANKS**, *Correction Officer*, **and
M. GILMORE**, *Correction Officer*,

             **Defendants.**
_____

**APPEARANCES:**　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
THOMAS ANDERSON
*Pro Se*
00-B-2354
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

**FOR THE DEFENDANT:**
HON. ANDREW M. CUOMO　　　　　　TIMOTHY P. MULVEY, ESQ.
New York Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Thomas Anderson, an inmate at Elmira Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleging that the defendants, two employees of the Department of Correctional Services ("DOCS"), violated: (1) his Eighth Amendment rights when they used excessive force during his transport to the Auburn Correctional Facility Special Housing Unit ("SHU"); (2) his Fifth and Fourteenth Amendment due process rights when they filed a false misbehavior report against him and confined him in SHU for sixteen days without a hearing; and (3) his Fourteenth Amendment equal protection rights when they wrongfully accused him of stealing tobacco from the prison commissary based on their erroneous belief that he was a member of a gang. (*See generally* Compl.; Dkt. No. 1.)

On September 24, 2007, the defendants filed a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, arguing that: (1) the Fifth Amendment is inapplicable to Anderson's claims; (2) the Eleventh Amendment bars Anderson's claims against the defendants in their official capacities; (3) Anderson has not alleged facts plausibly suggesting that he possessed a liberty interest sufficient to state a Fourteenth Amendment due process claim; (4)

2

Anderson has not alleged facts plausibly suggesting that defendants were personally involved in the alleged due process violations; and (5) Anderson has failed to allege facts plausibly suggesting the existence of purposeful discrimination necessary to state an equal protection violation. (*See* Dkt. No. 13.) Anderson did not oppose the defendants' motion.

The defendants' motion was referred to Magistrate Judge David R. Homer for report and recommendation. On May 19, 2008, Judge Homer issued a Report-Recommendation and Order ("R&R") recommending dismissal of Anderson's Complaint with respect to all of his claims except for the Eighth Amendment claim of excessive force. (*See* Dkt. No. 17.)[1] Pending are Anderson's timely objections ("Objections") to the R&R. (Dkt. No. 19.) For the reasons that follow, the R&R is adopted, and all of the claims in Anderson's Complaint are dismissed, with the exception of his Eighth Amendment excessive force claim.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a Magistrate Judge. If a party

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

3

has objected to specific elements of the Magistrate Judge's findings and recommendations, this court reviews those findings and recommendations *de novo.* *See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a Magistrate Judge for clear error. *See id.*

## III. Discussion

### A. The Fifth Amendment Due Process Claim

Judge Homer recommended dismissal of Anderson's Fifth Amendment due process claim on the grounds that the Fifth Amendment: (1) pertains only to criminal charges, not the prison disciplinary charges in question; and (2) prohibits only the federal government from violating a person's due process rights, not state officials such as the defendants herein. (*See* R&R at 5-6, citing *Pub. Utils. Comm'n v. Pollak,* 343 U.S. 451, 461 (1952).) Anderson's Objections contain no argument concerning Judge Homer's recommended disposition of his Fifth Amendment claim. Upon review of the R&R for clear error, the court finds none. Accordingly, the court adopts the R&R to the extent that it recommends dismissal of

4

Anderson's Fifth Amendment due process claim.

## B. The Official-Capacity Claims

Judge Homer, having determined that the defendants are named in both their individual and official capacities, recommended that Anderson's claims be dismissed to the extent they are asserted against the defendants in their official capacities, citing the Eleventh Amendment. (*See* R&R at 6-7.) Anderson has not objected to this recommendation. Upon review, the court finds no clear error. Accordingly, the court adopts the R&R to the extent that it recommends dismissal of the official-capacity claims.

## C. The Eighth Amendment Claims

In their motion for judgment on the pleadings, the defendants did not attack Anderson's Eighth Amendment excessive force claim. As a result, Judge Homer expressly recommended that the court *not* dismiss this claim against the defendants in their individual capacities. (*See* R&R at 14.) In the face of no objection from Anderson, the court adopts this recommendation, and, accordingly, the Eighth Amendment excessive force claim survives.

On a related note, Anderson has expressed concern that Judge Homer may have misconstrued his Eighth Amendment claim. Specifically,

he claims that Judge Homer erred by not addressing his purported claim that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*See* Objections at ¶ 3.) Anderson is correct that the R&R does not address the possibility of an Eighth Amendment deliberate indifference claim. However, even if Anderson intended to assert such a claim in the Complaint, such claim must be dismissed because Anderson has not alleged that the two defendants were personally involved in the denial of medical attention. Accordingly, to the extent that the Complaint may be read as asserting a deliberate indifference claim, such claim is dismissed.

### D.      The Fourteenth Amendment Due Process Claim

Judge Homer recommended that Anderson's due process claim be dismissed because he has not alleged facts plausibly suggesting that the conditions and duration of his confinement in SHU imposed on him an atypical and significant hardship in relation to the ordinary incidents of prison life, as required under *Sandin v. Connor,* 515 U.S. 472, 483-84 (1995). Anderson objects to this recommendation, arguing that his confinement was, in fact, atypical, and that Judge Homer did not take account of the fact that he was left in SHU without medical attention.

6

(Objections at ¶ 4.)[2]  In light of Anderson's specific objections, the court has reviewed the R&R *de novo.*  Upon such review, the court concurs with Judge Homer that the due process claim must be dismissed.  In addition to the reasons for dismissal that were articulated by Judge Homer, the due process claim must also be dismissed because there is no allegation that the two defendants were personally involved in the due process violation.  The only arguable basis for the defendants' personal involvement in any denial of due process is the fact that they are alleged to have written false misbehavior reports.  However, as recognized in the R&R, this is not sufficient to state a due process claim.  Accordingly, for the reasons articulated by Judge Homer, as well as the defendants' lack of personal involvement, the Fourteenth Amendment due process claim is dismissed.

### E.     The Fourteenth Amendment Equal Protection Claim

Judge Homer recommended that Anderson's equal protection claim be dismissed.  (*See* R&R at 12-13.)  Anderson has not objected to this recommendation and therefore the court has reviewed it for clear error.

---

[2] Anderson also objects to Judge Homer's factual recitation to the extent that it conveys the impression that Anderson was released from SHU when he did not receive a timely disciplinary hearing.  (Objections at ¶ 2.)  Anderson points out that the Complaint makes no mention of the reason for his release.  While Anderson is correct that the Complaint does not contain this information, this fact has no bearing on the outcome of the pending motion.

7

Upon such review, the court finds no error. Accordingly, for the reasons articulated in the R&R, Anderson's equal protection claim is dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's May 19, 2008 Report-Recommendation and Order is adopted in its entirety; and it is further

**ORDERED** that the defendants' motion for partial judgment on the pleadings (Dkt. No. 13) is GRANTED; and it is further

**ORDERED** that, with the sole exception of the Eighth Amendment claim of excessive force, all claims in the Complaint are dismissed; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
August 6, 2008

Gary L. Sharpe
U.S. District Judge